[No. 434. Decided May 20, 1892.]

LUCIEN E. KELLOGG, *Respondent*, v. ELMER L. SESSIONS AND
GEORGE BRADLEY, *Appellants.*

*Appeal from Superior Court, Douglas County.*

*Elmer L. Sessions (Pendergast & Malloy,* of counsel), for appellant Sessions.

*R. W. Starr,* for respondent.

HOYT, J.—This was a proceeding to determine the rights of conflicting claimants to certain lots in the town site of Waterville, certified to the superior court under the provisions of the act of Jan-

uary 31, 1888 (Laws of 1887–8, page 216).   In the case of *Newhouse v. Simino*, 3 Wash. 648 (29 Pac. Rep. 263), this court decided that the provisions of said act relating to the trial of the rights of conflicting claimants in the superior court were inoperative and void. We see no reason to change the holding of the court as stated in the opinion in that case, and, applying the doctrine there announced to the case at bar, it follows that the superior court was without jurisdiction in the matter, and that the judgment rendered therein was void.

The judgment, must, therefore, be reversed, and the cause remanded with instructions to dismiss the proceeding.

ANDERS, C. J., and DUNBAR, STILES, and SCOTT, JJ., concur.

### ON PETITION FOR RE-HEARING.

HOYT, J.—Respondent has filed an elaborate petition for a rehearing, and we have given it a careful consideration.   The question decided went to the jurisdiction of the court, and a decision thereof could not be avoided, hence the rule that courts will not usually decide a case upon a question not raised in the briefs, does not apply.

It is possible that provisions similar to the one held inoperative by this court have been upheld in courts of last resort in some of the states.   The petition has not satisfied us that such is the fact, and even if it was, it would not change our opinion as expressed in the case of *Newhouse v. Simino*, 3 Wash. 648 (29 Pac. Rep. 263).   It seems to us clear that the application of the provision under consideration might result in the land in controversy being awarded to one not an occupant within the meaning of the act of congress upon the subject.   In the case at bar the land may have been awarded to the rightful claimant, but the statute cannot be construed in the light of the circumstances of a particular case.   If, in any case, it would result in a defeat of the will of congress it is void.

The petition must be denied.

ANDERS, C. J., and DUNBAR, SCOTT and STILES, JJ., concur.